UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD FRANK PETH, JR.,<br><br>    Defendant. | CASE NO. C04-2305RSM<br><br>ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND GRANTING PETITION |

## **I. INTRODUCTION**

This matter comes before the Court on petitioner's objections to the Report and Recommendation filed by Magistrate Judge Monica J. Benton. For the reasons below, the Court declines to adopt the Report and Recommendation, and grants the petition as to the second claim for relief set forth therein.

## **II. BACKGROUND**

Petitioner Richard Peth, Jr., entered a plea of guilty to five counts of bank robbery on January 16, 2003, pursuant to a plea agreement with the government. United States v. Peth,

ORDER
PAGE - 1

CR02-346RSM. On May 2, 2003, the Court imposed sentence, including a four-level upward adjustment for grouping of the offenses, pursuant to U.S.S.G. § 3D1.4, to which petitioner stipulated in the plea agreement. The Court also imposed a three-level enhancement, pursuant to U.S.S.G. § 2B3.1(b)(2)(E), based on a finding that petitioner "brandished" or possessed a "dangerous weapon." This enhancement was based on the Court's determination of the facts, as they were set forth in the presentence report.

On November 12, 2004, after petitioner's appeal of his sentence was denied, he filed this motion to vacate or correct his sentence, pursuant to 28 U.S.C. § 2255. The motion presents two claims for relief: (1) petitioner claims that his sentence violated his Fifth and Sixth Amendment rights because the facts supporting his sentence were not proven beyond a reasonable doubt to a jury; and (2) petitioner claims that his sentence violated his Sixth Amendment right to confrontation. The government filed its opposition to petitioner's motion on January 6, 2005. Shortly thereafter, the United States Supreme Court issued its opinion in United States v. Booker, holding that the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines, when the basis for the enhancement is a factual determination made by the Court rather than by the jury. United States v. Booker, 125 S.Ct. 738 (2005). The parties stipulated to submit supplemental briefing on the issues presented in this petition in light of Booker.

On October 17, 2005, Magistrate Judge Benton issued her Report and Recommendation, concluding that petitioner's § 2255 motion should be denied. As to the first claim in the petition, the Court adopts the recommendation of the Magistrate Judge, and finds no basis for relief. The Ninth Circuit Court of Appeals has held that Booker announced a new rule of criminal procedure that does not qualify as a "watershed rule." United States v. Cruz, 423 F. 3d 1119, 1120 (9th Cir. 2005). In so ruling, the Ninth Circuit joined every other circuit that has considered the question, holding that the rule announced in Booker does not operate

ORDER
PAGE - 2

retroactively.  United States v. Cruz, 423 F. 3d 1119, 1120 (9th Cir. 2005).  Petitioner is thus not entitled to relief on his first claim.   However, as to his second claim, regarding the Confrontation Clause violation, intervening case law compels a different result.

### III.  ANALYSIS

In his second claim for relief, petitioner argues that his right to confrontation was violated by the three-level enhancement for brandishing a weapon, because he had no opportunity to cross-examine the witnesses.  Petitioner argues that the retroactivity of this claim is controlled by Bockting v. Bayer, 399 F. 3d 1010 (9th Cir. 2005), rather than Cruz.  The ruling in Bockting was issued after petitioner filed his supplemental brief, and was not brought to the attention of the Magistrate Judge by either party.   Petitioner has, however, argued in his objections to the Report and Recommendation that Bockting applies to his second claim.   The United States has not filed any response to this contention.

In Bockting, the Ninth Circuit Court of Appeals held that Crawford v. Washington, 541 U.S. 36 (2004) applies retroactively to cases on collateral review.[1]  Bockting v. Bayer, 399 F. 3d 1010, 1021  (9th Cir. 2005); as amended, 408 F. 3d 1127 (9th Cir. 2005).  In Crawford , the Supreme Court held that testimonial out-of-court statements by witnesses are barred under the Confrontation Clause, unless the witnesses are unavailable and the defendant had prior opportunity to cross-examine them.  Crawford v. Washington, 541 U.S. 36, 47 (2004).   The Ninth Circuit Court of Appeals found that Crawford announces a new procedural rule which implicates "the fundamental fairness and accuracy of the criminal proceeding," such that it must be applied retroactively.  Bockting, 399 F. 3d at 1016, quoting Saffle v. Parks, 494 U.S. 484, 495 (1990).

---

[1] The Court notes that the majority of Circuit Courts hold otherwise, concluding that Crawford does not apply retroactively to cases on collateral review.  See Mungo v. Duncan, 393 F. 3d 327, 334-36 (2d Cir. 2004); Dorchy v. Jones, 398 F. 3d 783, 788 (6th Cir. 2005); Murillo v. Frank, 402 F. 3d 786 (7th Cir. 2005). A petition for certiorari was filed in Bockting on November 7, 2005.   Even if that petition should be granted, this Court is bound to follow Bockting unless and until it is reversed.

ORDER
PAGE - 3

Here, petitioner entered a plea of guilty to five counts of bank robbery. In his plea agreement, petitioner acknowledged that by pleading guilty he was waiving the right to confront and cross-examine witnesses against him at trial. He was advised that the Court could depart from the applicable sentencing guidelines under some circumstances. However, the plea agreement contained no statement concerning the "dangerous weapon" as a basis for further enhancement of his sentence. At no point in the plea agreement did petitioner admit to "brandishing" a toy gun at the tellers; Indeed there was no mention of a gun anywhere in his statement on the factual basis for the plea.   U.S. v. Peth, CR02-346RSM, Dkt. # 16.

At sentencing, the Court imposed a three-level enhancement pursuant to U.S.S.G. §2B3.1(b)(2)(E), based on a finding that petitioner "brandished" or possessed a "dangerous weapon." Factual support for this enhancement was contained in the presentence report.[2] However, the probation officer who prepared that report relied exclusively upon police reports and witness statements to the police. Petitioner had no opportunity to cross-examine these witnesses, whose out-of-court statements provided the only evidence supporting the three-level enhancement. That enhancement was thus imposed in violation of the Confrontation Clause. Crawford v. Washington, 541 U.S. at 47. Under Bockting, the rule of Crawford applies retroactively to compel relief on this claim.

### III. CONCLUSION

Because petitioner was not afforded a right to confront and cross-examine the witnesses regarding the gun before he was sentenced, the three-level enhancement was imposed in violation of the Confrontation Clause. Accordingly, the Court hereby GRANTS the § 2255 motion on petitioner's second claim for relief, and VACATES petitioner's sentence in United States v.

---

[2] The presentence report is not filed in the criminal case, and therefore is not a document in the record. Petitioner has cited to it without objection from respondent, and the Court has adopted petitioner's statement as to the contents of the presentence report.

1   <u>Richard Peth</u>, CR02-346RSM.  A hearing for re-sentencing shall be scheduled by the Court by
2   separate entry on the docket.

4   Dated:  February 2, 2006.

                                                RICARDO S. MARTINEZ
                                                UNITED STATES DISTRICT JUDGE